IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RORY DAUGHTRY,<br>Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO: 1:11-CV-00153-MHT |
| | * | |
| ARMY FLEET SUPPORT, LLC, et. al.<br>Defendant. | * | |

**PLAINTIFF'S MOTION TO REVIEW THE CLERK'S TAXATION OF COST**

**COMES NOW** Plaintiff Rory Daughtry, by and through the undersigned attorneys, and Request a De Novo review of the Clerk's Taxation of Cost of Document numbers 164, 172 and 173 by this Honorable Court pursuant to Rule 54(d) Fed.R.Civ.Pro and Excuse the costs claimed by Defendant AFS, Defendant ESIS, Inc. ACE American Ins. Co., and Defendant International Association of Machinists as grounds, Plaintiff submits:

1. Defendant AFS, ESIS/ACE and International Association of Machinists submitted a Bill of Costs. The Clerk of Court taxed cost to Plaintiff thereafter. (See Documents 164, 172 and 173)

2. Plaintiff herein request a review of the entry of Cost and/or excusal of the same due to the inability of Plaintiff to pay and status of Plaintiff as an indigent.

3. The case of <u>In re Paoli R.R. Yard PCB Litigation</u> 221 F.3d 449 (3d Cir. 2000) held as follows:

> "Most important factor is defeated party's indigency or inability to pay which may, but need not automatically excuse taxation of cost"

4. This Court is allowed to properly consider a plaintiff's financial resources and amount of costs so as to avoid unnecessarily **chilling** unsure civil rights litigants, an applicable admonition and controlling with this action, in that Plaintiff's action is seeking redress of party Plaintiff's civil rights. This proposition was revisited in 2010, <u>Owen v. Computer Sciences Corp.</u>, 623 F.3d 870, 888-89: "(1) a losing party's limited financial resources; . . . (3) the chilling effect of imposing . . . high costs on future civil rights litigants," each a valid and justifiable consideration in denying costs in this action.

5. The record and discovery is indisputable that Plaintiff Daughtry is unable to pay and/or is basically indigent; even the Plaintiff's advance filing fees were excused due to his desperate financial condition, i.e., basically being indigent when Plaintiff filed his original pro se Complaint (Document 1), see Affidavit of Plaintiff Rory M. Daughtry, attached hereto as Exhibit A.

6. Plaintiff Daughtry is without the ability to pay and such a denial for this status is sufficient for excusing the taxation of cost for all Defendants.

7. Defendant AFS, in the Bill of Costs, has requested costs which are impermissible and outside the items of litigation costs which are permitted to be authorized as taxed. Pursuant to Rule 54(d) <u>F.R.Civ.P.</u> and 28 <u>U.S.C.A.</u> §§ 1920, the costs claimed by Defendant AFS are outside the allowable items permissible for:

   a. Defendant AFS included travel costs for counsel to depositions, hearings, (Document 157, page 3)     $1,797.53

   b. Other counsel travel costs, subsistence expenses

|  |  |  |
|---|---|---|
|  | (Document 157, pp. 22-24) | $1,594.13 |
| c. | Copying of requested production records (Social Security record, Document 157, p. 21) | $ 114.20 |
| d. | General copying costs, apparently reproduction costs (Document 157, pp. 15-21) | $ 115.21 |
|  | TOTAL: | $3,621.07 |

Plaintiff submits these expenses are non-taxable and are outside the purview of items permissible to be taxed as costs and said Bill of Costs should be so modified and reduced.

8. The type costs taxable are referenced and controlled by 28 U.S.C.A. §§ 1920. Travel of attorney, time and expense fails to be a taxable cost outside some additional proof extraordinary or compelling circumstances exist. 28 U.S.C.A. § 1920(2); Miller v. Kenworth of Dothan, Inc., 117 F.Supp. 2d 1247, 1248 (M.D. 2000)

9. Defendant AFS list as an itemization of Cost Travel expenses and air express cost which fail to be an authorized cost in the amount of $1,949.28 which is due to be stricken as a taxable cost referenced and controlled by 28 U.S.C.A. §§ 1920.

10. The amount of said Bill of Cost of Andrew Martin alleges $5,273.34 in deposition cost. Yet, the pages 9 through 14 of Document 157 fail to add up to this amount. Amazingly, Defendants AFS have a cost of deposition of nearly $1,000 more than any other defendant.

11. Further, on page 17 of its bill of Cost, Defendant AFS alleges fees to Court, an

invoice indicated as $1,276.11. Plaintiff herein payed unto counsel $471.71 to counsel upon request as reflected on page 17 as was billed to "other parties". Plaintiff, Defendant ESIS and Union paid their portions upon information and belief and as noted on page 17 submitted. In other words, this is a cost that was submitted to the other parties and Defendant AFS was reimbursed for this expense.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully request that this Honorable Court to review the Clerks taxation of Cost as depicted by Documents 164, 172 and 173 and excuse the taxation of cost due to the inability of Plaintiff to pay and status of Plaintiff as an indigent. Alternatively, Plaintiff request a review and reduction of Defendant AFS to the authorized and available costs as controlled by 28 U.S.C.A. §§ 1920.

Respectfully submitted this 25th day of March, 2013.

By: _____
Attorney for Plaintiff

**OF COUNSEL:**
Hon. L. Merrill Shirley, Esq. (SHI008)
Hon. Griffin M. Shirley, Esq. (SHI032)
Attorneys at Law
**SHIRLEY LAW OFFICE**
431 North Court Street
Post Office Box 408
Elba, Alabama 36323
phone 334-897-5775
facsimile 334-897-2304
merrill@shirleylawoffice.com
griffin@shirleylawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on _March 25_, 2013, I electronically filed the foregoing with the Clerk of Court using the Federal Electronic Filing System which sends information of such filing to counsel of record in this cause and those not registered with Federal Electronic Filing for electronic notification have been served by placing a copy of same in the U. S. Mail, postage prepaid, and properly addressed on the date above noted:

Hon. Michael Jay Clemmer, Esq.
Hon. Rik Stanford Tozzi, Esq.
Hon. Bryan A. Balogh, Esq.
Attorneys at Law
**BURR & FORMAN, LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
mclemmer@burr.com
rtozzi@burr.com
bbalogh@burr.com

Hon. George N. Davies, Esq.
Attorney at Law
**QUINN, CONNER, WEAVER, DAVIES & ROUCO**
2700 Highway 280, Suite 380
Birmingham, Alabama 35223
gdavies@qcwdr.com

Hon. Andrew W. Martin, Jr., Esq.
Hon. William Robert Lancaster, Esq.
Attorneys at Law
63 South Royal Street - 1300 Riverview Plaza
Mobile, Alabama 36602
wrl@ajlaw.com
awm@ajlaw.com

Hon. Steadman S. Shealy, Jr., Esq.
Attorney at Law
**SHEALY, CRUM & PIKE, P.C.**
Post Office Box 6346
Dothan, Alabama 36302-6346
sshealy@scplaw.us

_____
Of Counsel