IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
RORY M. DAUGHTRY,             )
                              )
    Plaintiff,                )
                              )     CIVIL ACTION NO.
    v.                        )       1:11cv153-MHT
                              )          (WO)
ARMY FLEET SUPPORT, LLC,      )
et al.,                       )
                              )
    Defendants.               )
```

OPINION AND ORDER

Plaintiff Rory M. Daughtry has filed a motion to alter, amend, or vacate the summary judgment entered in favor of defendants on February 15, 2013. Daughtry v. Army Fleet Support, LLC, 925 F.Supp.2d 1277 (M.D. Ala. 2013) (Thompson, J.). Because he has offered no newly discovered evidence and demonstrated no manifest error of law or fact, the motion will be denied.

I. BACKGROUND

Daughtry brought this action against a number of defendants, including his employer, defendant Army Fleet

Support, LLC, a military contractor.  He alleged, among other things, that Army Fleet violated the Americans with Disabilities Act (ADA), as amended (42 U.S.C. §§ 12111-12117), by failing to provide him with a reasonable accommodation following a shoulder injury.  In particular, Daughtry, who was employed as an aircraft mechanic, was for a time assigned to a special mechanic duty known as "parts-turn-in," which in essence consisted of receiving and shelving various items.  The accommodation he sought was continued assignment to that duty, even after a change in military policy resulted in parts-turn-in positions being filled by only mechanics who had greater seniority than Daughtry had.

The court granted summary judgment to defendants on all of Daughtry's claims.  <u>Daughtry v. Army Fleet Support, LLC</u>, 925 F.Supp.2d 1277 (M.D. Ala. 2013) (Thompson, J.).  Most importantly for the purposes of this motion, the court determined that Daughtry had failed to establish a genuine dispute of material fact

2

regarding his claim under the ADA. The court found that his employer, Army Fleet, had satisfied its duties under the ADA, but that ultimately it was not able to accommodate him as he desired. The court determined, among other things, that there was no parts-turn-in position available to a worker of Daughtry's seniority. In order to place Daughtry in a parts-turn-in position, Army Fleet would have needed either to create a new position for him or to displace a more senior employee in violation of the company's agreement with Daughtry's union. As the court explained, the ADA did not require Army Fleet to take either action.

Daughtry then timely filed the instant motion to alter, amend, or vacate the summary judgment entered in against him. Like his previous filings, Daughtry's motion is muddled and confusing. It is, however, clear that Daughtry offers no newly discovered evidence. Rather, he claims that in order to avoid manifest injustice, the court must reinstate his ADA claim. He

does not challenge the court's summary judgment on his other claims.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) allows a party to request that a judgment be altered, amended, or vacated.  The court has considerable discretion to entertain such a motion, but "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1.  "The Eleventh Circuit Court of Appeals has stated that, 'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'"  McClease v. Alabama Dep't of Corr., 2008 WL 110913 at *1 (M.D. Ala. 2008) (Thompson, J.) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).  "'[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or

4

present evidence that could have been raised prior to the entry of judgment.'" In re Yulin Ma, 346 F. App'x 436, 438 (11th Cir. 2009) (quoting Arthur, 500 F.3d at 1343).

Apart from some tangential arguments, the core of Daughtry's motion seeks to revisit the question of whether there was a parts-turn-in position in which he could have been placed. He argues that he was qualified to work in a parts-turn-in position and that placing him in such a position would have been a reasonable accommodation under the ADA. He argues that there were available parts-turn-in positions. And he argues that Army Fleet's allegedly unusual handling of his requests for accommodation indicated that it acted in bad faith.

The court has heard all these arguments before, and Daughtry is simply seeking to relitigate issues that the court has already decided. The court determined that, on the record before it, the lack of an available parts-turn-in position for someone of Daughtry's seniority was undisputed. Nothing Daughtry offers now alters that

5

conclusion; in particular, as he did in his summary-judgment briefing, Daughtry "entirely ignores the issue of seniority" in his motion. Daughtry, 925 F.Supp.2d at 1283. There has been no manifest error of fact or law.

Similarly, the court has already determined that any alleged irregularities in Army Fleet's process for addressing Daughtry's requests for accommodation were insufficient to overcome the lack of an available parts-turn-in position. "[I]t is not enough to show merely that Army Fleet potentially committed a procedural irregularity in its search for accommodations; rather, Daughtry must show that there was an actual, not just hypothetical, reasonable accommodation that could have been taken." Id. Again, Daughtry offers nothing to suggest a manifest error of fact or law in this case.

Manifest error does not mean that one does not like the outcome of a case, or that one believes the court did not properly weigh the evidence. See Hutchinson v.

Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (noting that "mere disagreement does not support a Rule 59(e) motion").  Rather, manifest error is an "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  Error, Black's Law Dictionary (9th ed. 2009). Daughtry has offered nothing even to suggest any error of this magnitude; he simply believes this court got it wrong the first time.  Any litigant who so believes may, of course, seek appellate review.  But such a litigant will find no relief under Rule 59(e).

\*\*\*

Accordingly, it is ORDERED that the motion to alter, amend, or vacate the judgment (doc. no. 167), filed by plaintiff Rory M. Daughtry, is denied.

DONE, this the 5th day of February, 2014.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**