IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
RORY M. DAUGHTRY,            )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )      1:11cv153-MHT
                             )         (WO)
ARMY FLEET SUPPORT, LLC,     )
et al.,                      )
                             )
     Defendants.             )
```

OPINION AND ORDER

Plaintiff Rory M. Daughtry has filed a motion to review the clerk of court's taxation of costs in favor of the defendants. Because some of the claimed costs are not taxable or insufficiently supported and in consideration of Daughtry's indigent status, the motion will be granted in part.


I. BACKGROUND

In its judgment that accompanied the summary-judgment opinion finding in favor of the defendants, Daughtry v. Army Fleet Support, LLC, 925 F.Supp.2d 1277 (M.D. Ala.

2013) (Thompson, J.), the court ordered that the defendants' costs be taxed against Daughtry. Subsequently, bills of costs were duly filed by defendant International Association of Machinists ("IAM") on February 20, 2013; by defendants ACE American Insurance Company, ESIS, Inc., Michelle Kelton, and Ruth Mann ("the ACE defendants") on March 1, 2013; and by defendant Army Fleet Support, LLC ("Army Fleet") on March 1, 2013. The clerk taxed costs against Daughtry in the amounts requested: $ 4,969.94 for IAM on March 7; $ 4,769.81 for the ACE defendants on March 19; and $ 9,455.64 for Army Fleet on March 19.

Daughtry filed an objection to Army Fleet's costs on March 14, and the instant motion to review all of the clerk of court's taxation of costs on March 25. In his motion, he contests some of the individual costs claimed by the defendants. He also argues that the court should not impose costs because he is indigent. In opposing the motion, the defendants argue that Daughtry's objection to

2

the costs is untimely; that all of the claimed costs are proper; and that Daughtry has failed to establish that he is indigent.

## II. DISCUSSION

### A.

The defendants first argue that Daughtry's motion is not timely.  Rule 54(d)(1) provides: "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." This portion of the rule was amended in 2009, and its language is potentially ambiguous.  Previously, the rule allowed the clerk to tax costs on just one day's notice, but the longer 14-day period more starkly presents the interpretive question: What does the rule mean by "notice."  One way to understand the rule is that "notice" refers to the bill of costs that a prevailing party must file; once that bill is filed and served, the non-prevailing party has notice.  The other way to

understand the rule is that the clerk is supposed to give notice of the costs she intends to tax.  That is, after a bill of costs if filed the prevailing party has notice of the costs the <u>prevailing party seeks</u>, but not what costs the <u>clerk intends to tax</u>.

In the court's view, the better reading is the second one.  It appears the drafters envisioned that the clerk of court, as the adjudicator in the first instance, would initially file a notice of what costs she intended to tax, and then not less than 14 days later would actually tax those costs.  <u>See</u> Excerpt from the Report of the Judicial Conference, 260 F.R.D. 1, 487 (2008) ("The increased time period corrects an unrealistic short time period <u>for the clerk to give notice</u> before taxing costs") (emphasis added).  The purpose of that two-week period is so that a party may challenge the costs the clerk of court intends to tax.  <u>See</u> Fed. R. Civ. P. 54, Advisory Committee Notes to 2009 Amendments ("The new 14-day period provides a better opportunity to prepare and

4

present a response"). The party against whom costs are taxed would then have seven days after the clerk's taxation of costs in which to raise an objection with the court. Thus, in total that party would have at least 21 days from the notice of intent to tax costs in which to object; but that period would be longer if the clerk allowed more that 14 days between notice and actual taxation of costs. See Borom v. Town of Merrillville, 857 F. Supp. 2d 785, 787-88 (N.D. Ind. 2012) (Van Bokkelen, J.) ("the 7-day period described in Rule 54(d)(1) does not begin until the actual event of taxation, which can occur no sooner than 14 days after the notice") (emphasis removed).

Here, there was no separate act of noticing and then taxing; the clerk of court simply taxed the costs. In such a situation, the rule is therefore best construed as giving the party to be taxed 21 days to respond: 14 days after the clerk's action of taxing costs as notice, and then an additional seven days in which to file his

5

motion.  See Ang v. Coastal Int'l Sec., Inc., 417 F. App'x 836, 838 (11th Cir. 2011) (suggesting that, "interpreting the rules most favorably" to the party to be taxed, Rule 54(d)(1) gives at least 21 days after actual notice in which to file an objection).

In this case, the clerk taxed Daughtry for one bill of costs on March 7 and for two others on March 19. Daughtry filed his motion to review the clerk of court's taxation of costs on March 25.  Thus, on the court's interpretation of Rule 54(d)(1), his filing was timely and will be considered.  In the alternative, the court has discretion to consider even an untimely objection to costs, and will do so in this case.  See 10 Moore's Federal Practice § 54.100[3] (2013) at 54-144 n.24 (collecting cases).

B.

Federal Rule of Civil Procedure 54(d)(1) provides that, "Unless a federal statute, these rules, or a court

6

order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." The costs a court may award under Rule 54 are limited to those specified in 28 U.S.C. § 1920. <u>Watson v. Lake Cnty.</u>, 492 F. App'x 991, 996 (11th Cir. 2012). Section 1920 authorizes costs for clerk and marshal fees; transcript fees; witness and copying fees; docket fees; and compensation for court-appointed experts and interpreters.

Daughtry first challenges costs submitted by Army Fleet for travel expenses. Army Fleet claimed $ 1,797.33 in costs for "Travel to depositions, meetings with witnesses, court hearings." Army Fleet Bill of Costs (Doc. No. 157) at 3. Travel expenses are not authorized by § 1920. <u>See</u> <u>Mock v. Bell Helicopter Textron, Inc.</u>, 456 F. App'x 799, 802 (11th Cir. 2012); <u>Sorbo v. United Parcel Serv.</u>, 432 F.3d 1169, 1180 (10th Cir. 2005) (collecting cases). The court will therefore disallow Army Fleet's request for travel costs. Daughtry also

7

challenges $ 1,594.13 in "Other counsel travel costs, subsistence expenses," citing pages 22-24 of Army Fleet's bill of costs. Pfs. Motion to Review (Doc. No. 176) at 2-3. However, it is clear to the court that the travel expense forms submitted by Army Fleet at pages 22 to 24 of its bill of costs are documentation of part of the $ 1,797.33 it requests, rather than a separate request.

Next, Daughtry challenges Army Fleet's claimed costs for copying. In its bill of costs, Army Fleet claims $ 2,233.02 for copies. Section 1920 authorizes costs for copies "necessarily obtained" for the case. But the party seeking costs must establish that the particular copies claimed were necessary for the litigation. See Watson, 492 F. App'x at 998 (remanding to district court because record that indicated "'B & W printing' and 'color copies,' but did not further explain what documents were actually copied" was insufficient to support claim for costs); Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 465 (11th Cir. 1996) (lack

8

of evidence that copy of video deposition was necessary required remand). In this case, Army Fleet has offered billing records and invoices for copies. In some cases, those invoices do not even indicate what documents were copied. See Army Fleet Bill of Costs (Doc. No. 157) at 16, 18-20. In others, there is some indication of the nature of the documents, but no explanation as to why they were necessary. See id. at 15, 17. Although Army Fleet responded to Daughtry's objection to costs, it did not in any way address the necessity of the copies. See Army Fleet Response to Motion to Review (Doc. No. 178). When a party claiming costs "fails to respond to the objections to a bill of costs by coming forward with evidence showing the nature of the documents copied and how they were used or intended for use in the case, the court may disallow costs." Coleman v. Roadway Express, 158 F. Supp. 2d 1304, 1310 (M.D. Ala. 2001) (Thompson, J.) (internal quotation omitted). The court will disallow Army Fleet's claim for $ 2,233.02 in costs

9

because it has not demonstrated they were necessary and so taxable under § 1920.

Daughtry does not specifically mention the other defendants' claimed copying costs. However, he does raise an argument regarding copies that applies with equal force to the other defendants. The other defendants were on notice regarding this argument, and IAM filed an opposition to this motion (albeit on other grounds). IAM Response to Motion to Review (Doc. No. 179). This court will therefore exercise its discretion and consider the claims for copying costs in the other two bills of costs. IAM submitted a claim for $ 666.39 in copying costs but also failed to explain why those copies were necessary. See IAM Bill of Costs (Doc. No. 155) at 3-5. Similarly, the ACE defendants requested $ 471.71 in copying costs but did not explain why those copies were necessary. See ACE Bill of Costs (Doc. No. 156) at 4-7. The court will therefore disallow these claimed costs.

Daughtry next challenges Army Fleet's request for $ 151.95 for overnight delivery charges. Section 1920 does not authorize costs for postage or for similar overnight delivery charges. Watson, 492 F. App'x at 997 ("§ 1920 does not authorize recovery of costs for shipment..."); Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (postage is not recoverable). The court will disallow the overnight delivery costs.

The remaining costs are all for deposition transcripts, which are generally but not always recoverable under § 1920. See Watson, 492 F. App'x at 996-7; EEOC v. W & O, Inc., 213 F.3d 600, 620–21 (11th Cir. 2000). Daughtry does not challenge the necessity of any of the depositions. Rather, he first notes an arithmetical error in Army Fleet's bill of costs. Army Fleet responds that it did make an error, but that the error resulted in Army Fleet seeking a lower amount than it was actually due. Army Fleet notes that it continues to seek only the lower amount. The court agrees that the error benefitted Daughtry, and will consider only the

lower amount that Army Fleet seeks.  Second, Daughtry points out that Army Fleet is seeking significantly more in deposition costs than the other defendants.  Army Fleet responds that its costs are substantiated by invoices, and that its costs are likely higher because it noticed the longest deposition, namely Daughtry's.  The court finds no reason to doubt this explanation, and overrules Daughtry's objection to Army Fleet's request regarding depositions.

Therefore, after accounting for improperly taxed costs, the court will consider the following modified requests: Army Fleet in the amount of $ 5,273.34; IAM in the amount of $ 4,303.55; and the ACE defendants in the amount of $ 4,298.10.  These amounts total to $ 13,874.99.

C.

Daughtry next argues that costs should not be taxed against him because he is indigent.  The defendants

respond that Daughtry has offered insufficient documentation of his indigent status in this case.

Rule 54 establishes a "strong presumption" that costs will be taxed in favor of the prevailing party. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). While a district court has some discretion to deny costs in the face of that presumption, the Eleventh Circuit, sitting en banc, has made it clear that the court's discretion is "not unfettered." Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Id.

In Chapman, the court held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Id. But it instructed that a district court considering such indigency as a basis for denying costs "should require substantial documentation of a true inability to pay." Id.

13

In this case, Daughtry has submitted an affidavit regarding his inability to pay the costs taxed against him. Affidavit (Doc. No. 176-1). He notes that he is unemployed and that he faces homelessness because foreclosure proceedings have been initiated against him. He further notes that he is without health insurance and has been unable to purchase necessary medication.

This documentation is more substantial than the evidence the court in Chapman indicated was insufficient. Immediately after directing courts to "require substantial documentation," the Chapman court cited two cases. In the first, McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994), the non-prevailing party claimed he was unable to pay simply because he was a prisoner. The McGill court noted that being a prisoner did not necessarily make one indigent. In the second, Cherry v. Champion Int'l Corp., 186 F.3d 442, 447 (4th Cir. 1999), the non-prevailing party had no independent income or property in her own name but had access to significant marital property. Again, this was insufficient to show

14

inability to pay. In this case, by contrast, Daughtry has submitted an affidavit detailing his dire financial situation, and the court finds that he is indigent.

Nevertheless, even in a "rare" case such as this one in which it is appropriate to consider the non-prevailing party's financial situation, Chapman, 229 F.3d at 1039, the Eleventh Circuit has stated that "a court may not decline to award any costs at all." Id. This is because the cost-shifting provision of Rule 54 serves the purpose of deterring non-meritorious claims and defenses, and "no fee will provide no deterrence." Id. (internal quotation omitted).

This court concludes that, taking Daughtry's indigent status into account, a total taxation of costs of $ 3,000 is sufficient to provide deterrence to both Daughtry specifically and litigants generally regarding the pursuit of non-meritorious cases. The court will grant $ 1,000 in costs to each of the three sets of defendants who filed bills of costs.

15

***

Accordingly, it is ORDERED that the motion to review the clerk's taxation of cost (doc. no. 176), filed by plaintiff Rory M. Daughtry, is granted only to the extent that the clerk of court's taxation of costs (doc. nos. 164, 172, and 173) is allowed and costs are taxed to plaintiff Daughtry as follows:

(a) in the amount of $ 1,000 to defendant International Association of Machinists in satisfaction of its bill of costs (doc. no. 155);

(b) in the amount of $ 1,000 to defendants ACE American Insurance Company, ESIS, Inc., Michelle Kelton, and Ruth Mann in satisfaction of their bill of costs (doc. no. 156); and

(c) in the amount of $ 1,000 to defendant Army Fleet Support, LLC, in satisfaction of its bill of costs (doc. no. 157).

DONE, this the 5th day of February, 2014.

                         /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE