IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
RORY M. DAUGHTRY,             )
                              )
    Plaintiff,                )
                              )         CIVIL ACTION NO.
    v.                        )           1:11cv153-MHT
                              )               (WO)
ARMY FLEET SUPPORT, LLC,      )
et al.,                       )
                              )
    Defendants.               )
```

OPINION AND ORDER

Defendant Army Fleet Support, LLC filed motions for attorney's fees and expenses after this court entered summary judgment in its favor. Because plaintiff Rory M. Daughtry's case was not frivolous, unreasonable, or without foundation, the motions will be denied.


I. BACKGROUND

Daughtry brought this action against a number of defendants, including his employer, Army Fleet, a military contractor. He alleged, among other things, that Army Fleet violated the Americans with Disabilities

Act (ADA), as amended (42 U.S.C. §§ 12111-12117), by failing to provide him with a reasonable accommodation following a shoulder injury. In particular, Daughtry, who was employed as an aircraft mechanic, was for a time assigned to a special mechanic duty known as "parts-turn-in," which in essence consisted of receiving and shelving various items. The accommodation he sought was continued assignment to that duty, even after a change in military policy resulted in parts-turn-in positions being filled by only mechanics who had greater seniority than Daughtry had.

This court granted summary judgment to the defendants on all of Daughtry's claims. <u>Daughtry v. Army Fleet Support, LLC</u>, 925 F.Supp.2d 1277 (M.D. Ala. 2013) (Thompson, J.). In its opinion, the court found that defendant Army Fleet had satisfied its obligations under the ADA and that, in order to place Daughtry in the "parts-turn-in" position he desired, Army Fleet would have needed either to create a new position for him or to

violate its agreement with Daughtry's union regarding hiring by seniority. The ADA, this court concluded, did not require Army Fleet to take either action. Because the existence of a reasonable accommodation is an element of an ADA plaintiff's prima facie case, Daughtry failed to carry his initial burden.

The court then considered, and rejected, various evidence and arguments offered by Daughtry. Among other things, the court acknowledged the persuasive potential in Daughtry's argument that another individual had been accommodated in a parts-turn-in position far longer than Daughtry had; however, the court ultimately rejected the argument because it failed to account for that individual's greater seniority. The court also considered and rejected a number of arguments because Daughtry's counsel appeared to have significantly mischaracterized the evidence presented in support of them.

Army Fleet subsequently filed a motion for attorney's fees and expenses pursuant to the fee-shifting provision of the ADA, 42 U.S.C. § 12205.  Motion for Attorney's Fees (Doc. No. 158).  Army Fleet later amended its motion to correct an error.  Amended Motion for Attorney's Fees (Doc. No. 166).  It seeks a total of $ 218,337.50 in attorney's fees and expenses, exclusive of expenses it seeks through a bill of costs separately filed with the clerk of court.  Daughtry opposes the original and amended motions.

## II. ANALYSIS

42 U.S.C. § 12205 provides that, in an action under the ADA, "the court ... in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs."  However, in keeping with the Supreme Court's guidance in <u>Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n</u>, 434 U.S. 412 (1978) (interpreting

Title VII of the Civil Rights Act of of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17), the Eleventh Circuit has interpreted § 12205 to apply differently to prevailing plaintiffs and prevailing defendants. Bruce v. City of Gainesville, Ga., 177 F.3d 949, 951 (11th Cir. 1999).

Under Bruce, a prevailing defendant is not entitled to fees as a matter of course. Rather, as is generally the case with civil-rights statutes, a court should grant fees to a prevailing defendant in an ADA case only if the plaintiff's claim was "frivolous, unreasonable, or without foundation." Id. The Bruce court noted that in Christianberg the Supreme Court emphasized that "it is not enough that the plaintiff had ultimately lost his case." Id. The Supreme Court cautioned courts to "'resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation'" because "'[t]his

5

kind of hindsight logic could discourage all but the most airtight claims.'" Id. (quoting Christianberg, 434 U.S. at 421-2). As the Supreme Court noted, "'seldom can a prospective plaintiff be sure of ultimate success,'" and "'the course of litigation is rarely predictable.'" Id. (quoting Christianberg, 434 U.S. at 422).

In determining whether the plaintiff's case was frivolous, the court looks in part to three factors: "'(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" Id. (quoting Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)). However, these are only factors; the determination of frivolity must be made on a case-by-case basis. Id. at 952.

In this case, the court notes that Daughtry did not establish a prima-facie case and that the court entered summary judgment without a trial. However, Daughtry's

6

failure to carry his initial burden was not a result of a claim that was fanciful from the beginning or contentions that were "absolutely incredible, and pure fabrication" Id. (internal quotation omitted). On the contrary, Daughtry is clearly disabled, and, under somewhat different circumstances or with somewhat different evidence, his request to be kept in a parts-turn-in position might have been a reasonable accommodation under the ADA. Indeed, Daughtry offered evidence that another disabled worked had been accommodated in just the manner that he requested. While the court rejected the analogy for failure to take account of the other employee's greater seniority, it also acknowledged the argument's persuasive potential. Thus, the fact that in the end Daughtry and his attorneys could not marshal sufficient evidence to defeat summary judgment does not mean that his case was frivolous from the start. His case clearly was not "airtight," and he obviously could not have been "sure of ultimate success"

7

at the outset. <u>Christianberg</u>, 434 U.S. at 421-2. But neither was this a hopeless claim.

The facts of <u>Bruce</u> are instructive. There, the plaintiff brought an ADA claim that he had been fired because he was disabled after his hand had been crushed. As it turned out, he apparently had not been fired at all, and shortly thereafter he was assigned to a new job. Thus Bruce, like Daughtry, could not establish a prima-facie case of discrimination to survive summary judgment. <u>Bruce</u>, 177 F.3d at 953 (Magill, J., dissenting) ("Bruce failed to establish fundamental elements required to make out a prima facie case on each" of his ADA claims). Nevertheless, the court found that his suit was not "so factually or legally groundless as to constitute a frivolous lawsuit from the outset." <u>Id</u>. at 952. Here, the contention which Daughtry in the end could not prove, that there was an available reasonable accommodation, was far more debatable than the determination of whether or not Bruce had been terminated. If the claim in <u>Bruce</u> was

not frivolous, it is clear to this court that Daughtry's was not either.

This court also sees no other basis on which to find this litigation frivolous.  As to the second factor, whether the defendant offered to settle, Army Fleet stated in its motion for fees only that there had been unsuccessful mediation in this matter.  There is no indication that Army Fleet offered any particular settlement which might suggest its liability; but neither is there any indication that plaintiff rejected a fair settlement offer and thereby unreasonably increased litigation costs.

Finally, the court acknowledges that this litigation was frustrating for the defendants and their attorneys, as it was at times for the court.  But the incomprehensibility of many of Daughtry's filings, and the disturbing pattern of their mischaracteriation of evidence, is most appropriately attributable to Daughtry's attorneys rather than Daughtry himself.  When

9

filings are improper, the appropriate remedy is generally Rule 11 sanctions, not attorney's fees for frivolous litigation.

The guidance of the Supreme Court and the Eleventh Circuit on this issue is clear. In civil-rights cases, "assessing attorney's fees against plaintiffs simply because they do not finally prevail would ... undercut the efforts of Congress to promote the vigorous enforcement" of those laws. Christianberg, 434 U.S. at 422. Like the court in Bruce, this court cannot say that Daughtry's case was "so lacking in merit that the filing and maintaining of the lawsuit deserved an award of attorney's fees for the defendant." 177 F.3d at 952.

***

Accordingly, it is ORDERED that the motions for attorney's fees and expenses (doc. nos. 158 and 166), filed by defendant Army Fleet Support, LLC, are denied.

DONE, this the 5th day of February, 2014.

                             /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE